

# Your Missouri Courts

case.net

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print        GrantedPublicAccess  Logoff STEVENAHILLEN

**18NM-CV00745 - ROSHIA MOORE ET AL V DEQUEZ SANDERS ET AL (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Click here to eFile on Case
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  Display Options: All Entries
                   ○ Ascending

**12/31/2018** ☐ **Judge Assigned**
The Honorable W. Edward Reeves

**11/19/2018** ☐ Summ Issd- Circ Pers Serv O/S
Document ID: 18-SMOS-60, for TRADEWINDS LOGISTICS.
☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 18-SMOS-59, for TRADEWINDS LOGISTICS.
☐ Summ Issd- Circ Pers Serv O/S
Document ID: 18-SMOS-58, for WILSON, KEVIN.
☐ Summ Req-Circ Pers Serv O/S
Request for Summonses.
**Filed By:** BRENT ALAN SUMNER
**On Behalf Of:** ROSHIA MOORE, LINDA MOORE, ZACHARIUS MCCLAIN, TERESA MOORE

**11/07/2018** ☐ **Filing Info Sheet eFiling**
**Filed By:** BRENT ALAN SUMNER
☐ Consent to Appt Next Friend
Consent to Act as Next Friend for Zacharius McClain.
**Filed By:** BRENT ALAN SUMNER
**On Behalf Of:** ROSHIA MOORE, LINDA MOORE, DEQUEZ SANDERS, ZACHARIUS MCCLAIN, TERESA MOORE
☐ Consent to Appt Next Friend
Consent to Act as Next Friend for Dequez Sanders.
**Filed By:** BRENT ALAN SUMNER
☐ Motion for Change of Venue
Motion for Change of Venue.
**Filed By:** BRENT ALAN SUMNER
☐ Pet Filed in Circuit Ct
Petition.
☐ **Judge Assigned**

Case.net Version 5.14.0.6                    Return to Top of Page                    Released 12/31/2018



EXHIBIT

A

18-14197



# IN THE 34TH JUDICIAL CIRCUIT, NEW MADRID COUNTY, MISSOURI

| Judge or Division:<br>FRED W COPELAND | Case Number:  18NM-CV00745 |
|---|---|
| Plaintiff/Petitioner:<br>ROSHIA MOORE<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>BRENT ALAN SUMNER<br>SUITE 400<br>911 WASHINGTON AVENUE<br>SAINT LOUIS, MO  63101 |
| Defendant/Respondent:<br>KEVIN WILSON | Court Address:<br>New Madrid Court House<br>450 Main Street<br>NEW MADRID, MO  63869 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   TRADEWINDS LOGISTICS
Alias:

**CENTER COURT OF MISSOURI**

**NEW MADRID COUNTY**

C/O RA ERIC DOUTHIT
2 NORTH 9TH STREET
NOBLESVILLE, IN  46060

*COURT SEAL OF*

PS

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____11/19/18_____          _____*Marsha M. Holeman*_____
            Date                           Clerk by:/s/Jo Crockett

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   - [ ] delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   - [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   - [ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - [ ] other: _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one)
- [ ] the clerk of the court of which affiant is an officer.
- [ ] the judge of the court of which affiant is an officer.
- [ ] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- [ ] authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



**IN THE 34TH JUDICIAL CIRCUIT, NEW MADRID COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>FRED W COPELAND | Case Number: 18NM-CV00745 |
| Plaintiff/Petitioner:<br>ROSHIA MOORE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>BRENT ALAN SUMNER<br>SUITE 400<br>911 WASHINGTON AVENUE<br>SAINT LOUIS, MO 63101 |
| Defendant/Respondent:<br>KEVIN WILSON | Court Address:<br>New Madrid Court House<br>450 Main Street<br>NEW MADRID, MO 63869 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  **TRADEWINDS LOGISTICS**
**Alias:**

**C/O RA ERIC DOUTHIT**
**2 NORTH 9TH STREET**
**NOBLESVILLE, IN 46060**

*COURT SEAL OF*

*NEW MADRID COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

| 11/19/18 | _Marsha M. Holiman_ |
|---|---|
| Date | Clerk by:/s/Jo Crockett |

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - ☐ other: _____.

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one)
- ☐ the clerk of the court of which affiant is an officer.
- ☐ the judge of the court of which affiant is an officer.
- ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| **Service Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



## IN THE 34TH JUDICIAL CIRCUIT, NEW MADRID COUNTY, MISSOURI

| Judge or Division:<br>FRED W COPELAND | Case Number: 18NM-CV00745 |
|---|---|
| Plaintiff/Petitioner:<br>ROSHIA MOORE | Plaintiff's/Petitioner's Attorney/Address:<br>BRENT ALAN SUMNER<br>SUITE 400<br>911 WASHINGTON AVENUE<br>SAINT LOUIS, MO  63101 |
|             vs. | |
| Defendant/Respondent:<br>KEVIN WILSON | Court Address:<br>New Madrid Court House |
| Nature of Suit:<br>CC Pers Injury-Vehicular | 450 Main Street<br>NEW MADRID, MO  63869 |
| | (Date File Stamp) |

### Summons for Personal Service Outside the State of Missouri
#### (Except Attachment Action)

| | |
|---|---|
| **The State of Missouri to:**  KEVIN WILSON<br>**Alias:**<br><br>**1702 SHANNON STREET<br>#137<br>MONROE, LA  71201**<br><br>***COURT SEAL OF***<br><br>**NEW MADRID COUNTY** | |

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

| 11/19/18 | _Marah M. Holiman_ |
|---|---|
| Date | Clerk by:/s/Jo Crockett |

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - ☐ other: _____

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
         ☐ the judge of the court of which affiant is an officer.
         ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
         ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| **Service Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

See the following page for directions to officer making return on service of summons.

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - New Madrid - November 19, 2018 - 12:10 PM

**IN THE CIRCUIT COURT OF NEW MADRID COUNTY**
**STATE OF MISSOURI**
**CIRCUIT JUDGE DIVISION**

| | |
|---|---|
| **ROSHIA MOORE,** | ) |
| **LINDA MOORE**, individually, and as | ) |
| Administrator of the Estate of | )   Cause No. 18NM-CV00745 |
| Roosevelt Moore, deceased, | ) |
| **DEQUEZ SANDERS**, a minor, by and through | ) |
| his Next Friend, Roshia Moore, and | ) |
| **ZACHARIUS MCCLAIN**, a minor, | ) |
| by and through his Nest Friend, Teresa Moore, | ) |
| | ) |
| **Plaintiffs,** | ) |
| v. | ) |
| | ) |
| **KEVIN WILSON**, and | ) |
| **TRADEWINDS LOGISTICS, INC.,** | ) |
| | ) |
| **Defendants**. | ) |

<u>**MEMORANDUM - REQUEST TO ISSUE SUMMONSES**</u>

Plaintiffs filed the Petition in the above matter on November 7, 2018 against Defendants.

Plaintiffs hereby request that summons be issued for Kevin Wilson to be served at 1702 Shannon

Street, #137, Monroe, Louisiana 71201 and Tradewinds Logistics to be Served c/o Registered

Agent Eric Douthit, 2 North 9th Street, Noblesville, Indiana 46060.

Respectfully Submitted,

THE SUMNER LAW GROUP, LLC

By   /s/Andrew S. Martin
Brent A. Sumner, #59460
Andrew S. Martin, #62657
Samantha L. Indelicato, #71011
7777 Bonhomme Avenue, Suite 2100
Clayton, Missouri 63105
Telephone:     314-669-0048
Fax:    888-259-7550
brent@sumnerlawgroup.com
*Attorneys for Plaintiff*

**18NM-CV00745**

Electronically Filed - New Madrid - November 07, 2018 - 11:43 AM

## IN THE CIRCUIT COURT OF NEW MADRID COUNTY
## STATE OF MISSOURI
## CIRCUIT JUDGE DIVISION

| | |
|---|---|
| **ROSHIA MOORE,** ) | |
| **LINDA MOORE**, individually, and as ) | |
| Administrator of the Estate of ) | Cause No. |
| Roosevelt Moore, deceased, ) | |
| **DEQUEZ SANDERS**, a minor, by and through ) | |
| his Next Friend, Roshia Moore, and ) | Division No. |
| **ZACH MCCLAIN**, a minor, by and through ) | |
| his Nest Friend, Teresa Moore, ) | |
| ) | |
| **Plaintiffs,** ) | |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **KEVIN WILSON,** ) | |
| <u>Serve at</u>: ) | |
| 1702 Shannon Street ) | |
| #137 ) | |
| Monroe, Louisiana 71201 ) | |
| ) | |
| and ) | |
| ) | |
| **TRADEWINDS LOGISTICS, INC.,** ) | |
| <u>Serve</u>: Eric Douthit ) | |
| Registered Agent ) | |
| 2 North 9th Street ) | |
| Noblesville, Indiana 46060 ) | |
| ) | |
| **Defendants.** ) | |

### CONSENT TO ACT AS NEXT FRIEND

COMES NOW Petitioner, Roshia Moore, and hereby expresses her consent to act as Next Friend for Dequez Sanders, born August 7, 2006, in order to prosecute this Petition for personal injury and agrees to prosecute said action diligently.

Electronically Filed - New Madrid - November 07, 2018 - 11:43 AM

STATE OF _Indiana_ )
                    )SS
COUNTY OF _Marion_ )

Roshia Moore, being duly sworn upon her oath, does state that the facts of the matter

contained in the foregoing are true and correct to the best of her knowledge and belief.

ROSHIA MOORE, Petitioner/Natural Mother

Subscribed and sworn to me this _20_ day of _August_, 20_18_.

Notary Public

My Commission Expires: Feb 15, 2026

Respectfully submitted,

**THE SUMNER LAW GROUP, LLC**

By _____

Brent A. Sumner, #59460MO
Andrew Martin, #62657MO
7777 Bonhomme Avenue, Suite 2100
Clayton, Missouri 63105
Telephone:    314-669-0048
Fax:    888-259-7550
brent@sumnerlawgroup.com
*Attorneys for Plaintiff*

Electronically Filed - New Madrid - November 07, 2018 - 11:43 AM

**18NM-CV00745**

Electronically Filed - New Madrid - November 07, 2018 - 11:43 AM

### IN THE CIRCUIT COURT OF NEW MADRID COUNTY
### STATE OF MISSOURI
### CIRCUIT JUDGE DIVISION

| | | |
|---|---|---|
| **ROSHIA MOORE,** | ) | |
| **LINDA MOORE**, individually, and as | ) | |
| Administrator of the Estate of | ) | |
| Roosevelt Moore, deceased, | ) | Cause No. |
| **DEQUEZ SANDERS**, a minor, by and through | ) | |
| his Next Friend, Roshia Moore, and | ) | Division No. |
| **ZACH MCCLAIN**, a minor, by and through | ) | |
| his Nest Friend, Teresa Moore, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **KEVIN WILSON,** | ) | |
| <u>Serve at</u>: | ) | |
| 1702 Shannon Street | ) | |
| #137 | ) | |
| Monroe, Louisiana 71201 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **TRADEWINDS LOGISTICS, INC.,** | ) | |
| <u>Serve</u>: Eric Douthit | ) | |
| Registered Agent | ) | |
| 2 North 9th Street | ) | |
| Noblesville, Indiana 46060 | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>CONSENT TO ACT AS NEXT FRIEND</u>

COMES NOW Petitioner, Teresa Moore, and hereby expresses her consent to act as Next

Friend for Zach McClain, born November 22, 2002, in order to prosecute this Petition for personal

injury and agrees to prosecute said action diligently.

Electronically Filed - New Madrid - November 07, 2018 - 11:43 AM

STATE OF ___INDIANA___      )
                            )SS
COUNTY OF ___MARION___      )

Theresa Moore, being duly sworn upon her oath, does state that the facts of the matter

contained in the foregoing are true and correct to the best of her knowledge and belief.

_____

TERESA MOORE, Petitioner/Natural Mother

Subscribed and sworn to me this __25th__ day of ___September___, 20__18__.

_____

Notary Public

My Commission Expires:   FEBRUARY 1, 2025

```
JAMES D. ALLEN SR.
Seal
Notary Public – State of Indiana
Marion County
My Commission Expires Feb 1, 2025
```

Respectfully submitted,

**THE SUMNER LAW GROUP, LLC**

By_____

Brent A. Sumner, #59460MO
Andrew Martin, #62657MO
7777 Bonhomme Avenue, Suite 2100
Clayton, Missouri 63105
Telephone:    314-669-0048
Fax:    888-259-7550
brent@sumnerlawgroup.com
*Attorneys for Plaintiff*

**18NM-CV00745**

Electronically Filed - New Madrid - November 07, 2018 - 11:43 AM

## IN THE CIRCUIT COURT OF NEW MADRID COUNTY
## STATE OF MISSOURI
## CIRCUIT JUDGE DIVISION

| | | |
|---|---|---|
| **ROSHIA MOORE,** | ) | |
| **LINDA MOORE**, individually, and as | ) | |
| Administrator of the Estate of | ) | Cause No. |
| Roosevelt Moore, deceased, | ) | |
| **DEQUEZ SANDERS**, a minor, by and through | ) | **JURY TRIAL DEMANDED** |
| his Next Friend, Roshia Moore, and | ) | |
| **ZACHARIUS MCCLAIN**, a minor, | ) | |
| by and through his Nest Friend, Teresa Moore, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | |
| | ) | |
| **KEVIN WILSON**, and | ) | |
| **TRADEWINDS LOGISTICS, INC.,** | ) | |
| | ) | |
| **Defendants**. | ) | |

### MOTION FOR CHANGE OF VENUE PURSUANT TO MRCP 51.03

COMES NOW Plaintiffs, by and through undersigned counsel, and for their Motion for Change of Venue Pursuant to Rule 51.03 of the Missouri Rules of Civil Procedure, states:

1.     The above personal injury action is filed in New Madrid County, Missouri.

2.     The population of New Madrid County, Missouri, as of the 2010 US Census, was 18,956.

3.     Under Rule 51.03 of the Missouri Rules of Civil Procedure, a change of venue shall be ordered in a civil action triable by jury that is pending in a county having seventy-five thousand or less inhabitants upon the filing of a written motion.

WHEREFORE, Plaintiffs seek an Order from this Court transferring venue out of Washington County and to a properly convenient county, and for any other relief this Court deems just and proper under the circumstances.

Electronically Filed - New Madrid - November 07, 2018 - 11:43 AM

Respectfully Submitted,

THE SUMNER LAW GROUP, LLC

By   /s/Andrew S. Martin
Brent A. Sumner, #59460
Andrew S. Martin, #62657
Samantha L. Indelicato, #71011
7777 Bonhomme Avenue, Suite 2100
Clayton, Missouri 63105
Telephone:    314-669-0048
Fax:    888-259-7550
brent@sumnerlawgroup.com
*Attorneys for Plaintiff*

**18NM-CV00745**

Electronically Filed - New Madrid - November 07, 2018 - 11:43 AM

**IN THE CIRCUIT COURT OF NEW MADRID COUNTY**
**STATE OF MISSOURI**
**CIRCUIT JUDGE DIVISION**

| | | |
|---|---|---|
| **ROSHIA MOORE,** | ) | |
| **LINDA MOORE**, individually, and as | ) | |
| Administrator of the Estate of | ) | Cause No. |
| Roosevelt Moore, deceased, | ) | |
| **DEQUEZ SANDERS**, a minor, by and through | ) | |
| his Next Friend, Roshia Moore, and | ) | |
| **ZACHARIUS MCCLAIN**, a minor, | ) | |
| by and through his Nest Friend, Teresa Moore, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | |
| | ) | |
| **KEVIN WILSON,** | ) | |
| <u>Serve at</u>: | ) | **JURY TRIAL DEMANDED** |
| 1702 Shannon Street | ) | |
| #137 | ) | |
| Monroe, Louisiana 71201 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **TRADEWINDS LOGISTICS, INC.,** | ) | |
| <u>Serve</u>: Eric Douthit | ) | |
| Registered Agent | ) | |
| 2 North 9th Street | ) | |
| Noblesville, Indiana 46060 | ) | |
| | ) | |
| **Defendants.** | ) | |

**PETITION**

COMES NOW Plaintiffs, by and through undersigned counsel, and for their Petition, states:

1.      Plaintiff Dequez Sanders is and at all times herein mentioned was a minor individual residing in Mississippi.

2.      Roshia Moore is the biological mother of Plaintiff Dequez Sanders.

Electronically Filed - New Madrid - November 07, 2018 - 11:43 AM

3.      Plaintiff Zacharius McClain is and at all times herein mentioned was a minor individual residing in Mississippi.

4.      Teresa Moore is the biological mother of Plaintiff Zacharius McClain.

5.      Plaintiff Roshia Moore is and at all times herein mentioned was an individual residing in Mississippi.

6.      Plaintiff Linda Moore is and at all times herein mentioned was an individual residing in Indiana.

7.      Plaintiff Linda Moore is the widowed wife of Roosevelt Moore, deceased.  She is a rightful claimant pursuant to § 537.080(1) of the Revised Statutes of Missouri in this lawsuit for the wrongful death of Roosevelt Moore.   Further, Linda Moore is the lawfully appointed administrator of the Estate of Roosevelt Moore.  She is a rightful claimant pursuant to § 537.021(2) to pursue the damages resulting from personal injury to Roosevelt Moore, decedent, described herein below prior to his death as provided pursuant to § 537.020.

8.      Defendant Kevin Wilson is and at all times herein mentioned was an individual residing in Louisiana.  Kevin Wilson can be served at 1702 Shannon Street, #137, Monroe, Louisiana 71201.

9.      Defendant Tradewinds Logistics, Inc. is an Indiana corporation in good standing and may be served through its registered agent, Eric Douthit at 2 North 9th Street, Noblesville, Indiana 46060.

10.      That at all relevant times, Defendant Kevin Wilson was an agent, servant and/or employee of Defendant Tradewinds Logistics, Inc. acting within the course and scope of his employment.

Electronically Filed - New Madrid - November 07, 2018 - 11:43 AM

11.     The cause of action herein occurred in New Madrid County, Missouri on or about May 27, 2015 when Plaintiffs were involved in a motor vehicle crash with Defendants.

12.     Venue is proper in the Circuit Court of New Madrid County, Missouri under § 508.010, inasmuch as the crash which gave rise to these claims occurred in New Madrid County, Missouri.

13.     On or about May 27, 2015, at approximately 3:00 p.m., Defendants were operating a 2011 Kenworth semi-truck pulling a 2014 Vanguard trailer, owned by Defendant Tradewinds Logistics, Inc., on Interstate 55 northbound before when it collided with a 2004 Chevrolet Suburban pulling a U-Haul trailer driven by Plaintiff Roshia Moore with Plaintiffs Dequez Sanders, Zacharius Moore and decedent Roosevelt Moore as passengers.

14.     That the front end of Defendants' semi-truck collided with the rear end of Plaintiffs' Suburban causing the Suburban to overturn and slide on its side before it returned to an upright position and jackknifed.

## COUNT I – NEGLIGENCE
## ROSHIA MOORE v. DEFENDANTS

15.     Plaintiff Roshia Moore restates, re-alleges and incorporates by reference the allegations contained in all preceding paragraphs as if more fully set forth herein.

16.     At the above-mentioned time and place, Defendants, individually and through its agent, servant and/or employee, had the duty to exercise the highest degree of care for the safety of other persons upon the roadway, including Plaintiff, and was careless and negligence in one or more of the following respects:

 a. Failing to maintain control of the semi-truck and trailer;

 b. Failing to keep a careful lookout;

Electronically Filed - New Madrid - November 07, 2018 - 11:43 AM

   c.   Failing to operate the semi-truck and trailer in a careful and prudent manner; and

   d.   Failing to stop, slow, slacken speed, sound horn and/or swerve to avoid colliding with Plaintiffs' vehicle when it was known or should be known that there was a danger of a collision.

17.    As a direct and proximate result of the negligence and carelessness of Defendants, individual and through its agent, servant and/or employee, Plaintiff was caused to sustain injuries to her neck and back.

18.    That Plaintiff's injuries are permanent, painful, progressive and disabling.

19.    That Plaintiff has incurred medical expenses in excess of One Thousand Dollars to the time of filing of this Petition and will incur further medical expenses in the future.

20.    As a direct and proximate result of the negligence of Defendants, Plaintiff's injuries has interfered with her daily life, caused inconvenience, and pain and suffering that is expected to continue in the future.

WHEREFORE, Plaintiff prays for judgment against Defendants in a sum in excess of Twenty-Five Thousand Dollars as is fair and reasonable to compensate Plaintiff for injuries along with court costs incurred in this action, all interest allowed under law, and for such other relief this Court deems just and proper under the circumstances.

## COUNT II – NEGLIGENCE
## ROSHIA MOORE v. DEFENDANT TRADEWINDS LOGISTICS, INC.

21.    Plaintiff Roshia Moore restates, re-alleges and incorporates by reference the allegations contained in all preceding paragraphs as if more fully set forth herein.

Electronically Filed - New Madrid - November 07, 2018 - 11:43 AM

22.     That it was the duty of Tradewinds Logistics, Inc. to exercise ordinary care in its hiring, training and supervision of its agents, employees and servants, including Defendant Kevin Wilson.

23.     That Defendant Tradewinds Logistics, Inc. did not do its due diligence before hiring Defendant Kevin Wilson and thereby overlooked items and events that should have disqualified Defendant Kevin Wilson from being hired.

24.     That Defendant Tradewinds Logistics, Inc. did not provide adequate training to Defendant Kevin Wilson sufficient for him to execute his job duties, including driving on Missouri highways and roadways.

25.     That Defendant Tradewinds Logistics, Inc. did not provide adequate supervision of Defendant Kevin Wilson and thereby overlooked items and events that should have disqualified Defendant Kevin Wilson from working for Defendant Tradewinds Logistics, Inc. and/or driving vehicles/transporting freight for Defendant Tradewinds Logistics, Inc.

26.     That Defendant Tradewinds Logistics, Inc. was thereby careless and negligent in the following ways:

    a.     Failing to exercise ordinary care in the hiring of Defendant Kevin Wilson;

    b.     Failing to exercise ordinary care in the training of Defendant Kevin Wilson; and

    c.     Failing to exercise ordinary care in the supervision of Defendant Kevin Wilson.

27.     As a direct and proximate result of the negligence and carelessness of Defendant Tradewinds Logistics, Inc., Plaintiff was caused to sustain injuries to her neck and back.

28.     That Plaintiff's injuries are permanent, painful, progressive and disabling.

Electronically Filed - New Madrid - November 07, 2018 - 11:43 AM

29.     That Plaintiff has incurred medical expenses in excess of One Thousand Dollars to the time of filing of this Petition and will incur further medical expenses in the future.

30.     As a direct and proximate result of the negligence of Defendant Tradewinds Logistics, Inc., Plaintiff's injuries has interfered with her daily life, caused inconvenience, and pain and suffering that is expected to continue in the future.

WHEREFORE, Plaintiff prays for judgment against Defendant Tradewinds Logistics, Inc. in a sum in excess of Twenty-Five Thousand Dollars as is fair and reasonable to compensate Plaintiff for injuries along with court costs incurred in this action, all interest allowed under law, and for such other relief this Court deems just and proper under the circumstances.

<div align="center">

**COUNT III – NEGLIGENCE**
**ZACHARIUS MCCLAIN v. DEFENDANTS**

</div>

31.     Plaintiff Zacharius McClain restates, re-alleges and incorporates by reference the allegations contained in all preceding paragraphs as if more fully set forth herein.

32.     At the above-mentioned time and place, Defendants, individually and through its agent, servant and/or employee, had the duty to exercise the highest degree of care for the safety of other persons upon the roadway, including Plaintiff, and was careless and negligence in one or more of the following respects:

      a.   Failing to maintain control of the semi-truck and trailer;

      b.   Failing to keep a careful lookout;

      c.   Failing to operate the semi-truck and trailer in a careful and prudent manner; and

      d.   Failing to stop, slow, slacken speed, sound horn and/or swerve to avoid colliding with Plaintiffs' vehicle when it was known or should be known that there was a danger of a collision.

Electronically Filed - New Madrid - November 07, 2018 - 11:43 AM

33.     As a direct and proximate result of the negligence and carelessness of Defendants, individual and through its agent, servant and/or employee, Plaintiff was caused to sustain injuries to his right leg, ankle and neck.

34.     That Plaintiff's injuries are permanent, painful, progressive and disabling.

35.     That Plaintiff has incurred medical expenses in excess of One Thousand Dollars to the time of filing of this Petition and will incur further medical expenses in the future.

36.     As a direct and proximate result of the negligence of Defendants, Plaintiff's injuries has interfered with his daily life, caused inconvenience, and pain and suffering that is expected to continue in the future.

WHEREFORE, Plaintiff prays for judgment against Defendants in a sum in excess of Twenty-Five Thousand Dollars as is fair and reasonable to compensate Plaintiff for injuries along with court costs incurred in this action, all interest allowed under law, and for such other relief this Court deems just and proper under the circumstances.

## COUNT IV – NEGLIGENCE
## ZACHARIUS MCCLAIN v. DEFENDANT TRADEWINDS LOGISTICS, INC.

37.     Plaintiff Zacharius McClain restates, re-alleges and incorporates by reference the allegations contained in all preceding paragraphs as if more fully set forth herein.

38.     That it was the duty of Tradewinds Logistics, Inc. to exercise ordinary care in its hiring, training and supervision of its agents, employees and servants, including Defendant Kevin Wilson.

39.     That Defendant Tradewinds Logistics, Inc. did not do its due diligence before hiring Defendant Kevin Wilson and thereby overlooked items and events that should have disqualified Defendant Kevin Wilson from being hired.

Electronically Filed - New Madrid - November 07, 2018 - 11:43 AM

40.     That Defendant Tradewinds Logistics, Inc. did not provide adequate training to Defendant Kevin Wilson sufficient for him to execute his job duties, including driving on Missouri highways and roadways.

41.     That Defendant Tradewinds Logistics, Inc. did not provide adequate supervision of Defendant Kevin Wilson and thereby overlooked items and events that should have disqualified Defendant Kevin Wilson from working for Defendant Tradewinds Logistics, Inc. and/or driving vehicles/transporting freight for Defendant Tradewinds Logistics, Inc.

42.     That Defendant Tradewinds Logistics, Inc. was thereby careless and negligent in the following ways:

a.     Failing to exercise ordinary care in the hiring of Defendant Kevin Wilson;

b.     Failing to exercise ordinary care in the training of Defendant Kevin Wilson; and

c.     Failing to exercise ordinary care in the supervision of Defendant Kevin Wilson.

43.     As a direct and proximate result of the negligence and carelessness of Defendant Tradewinds Logistics, Inc., Plaintiff was caused to sustain injuries to his right leg, ankle and neck.

44.     That Plaintiff's injuries are permanent, painful, progressive and disabling.

45.     That Plaintiff has incurred medical expenses in excess of One Thousand Dollars to the time of filing of this Petition and will incur further medical expenses in the future.

46.     As a direct and proximate result of the negligence of Defendant Tradewinds Logistics, Inc., Plaintiff's injuries has interfered with his daily life, caused inconvenience, and pain and suffering that is expected to continue in the future.

Electronically Filed - New Madrid - November 07, 2018 - 11:43 AM

WHEREFORE, Plaintiff prays for judgment against Defendant Tradewinds Logistics, Inc. in a sum in excess of Twenty-Five Thousand Dollars as is fair and reasonable to compensate Plaintiff for injuries along with court costs incurred in this action, all interest allowed under law, and for such other relief this Court deems just and proper under the circumstances.

## COUNT V – NEGLIGENCE
## DEQUEZ SANDERS v. DEFENDANTS

47.     Plaintiff Dequez Sanders restates, re-alleges and incorporates by reference the allegations contained in all preceding paragraphs as if more fully set forth herein.

48.     At the above-mentioned time and place, Defendants, individually and through its agent, servant and/or employee, had the duty to exercise the highest degree of care for the safety of other persons upon the roadway, including Plaintiff, and was careless and negligence in one or more of the following respects:

    a.   Failing to maintain control of the semi-truck and trailer;

    b.   Failing to keep a careful lookout;

    c.   Failing to operate the semi-truck and trailer in a careful and prudent manner; and

    d.   Failing to stop, slow, slacken speed, sound horn and/or swerve to avoid colliding with Plaintiffs' vehicle when it was known or should be known that there was a danger of a collision.

49.     As a direct and proximate result of the negligence and carelessness of Defendants, individual and through its agent, servant and/or employee, Plaintiff was caused to sustain injuries to his head, brain, neck, back and left arm.

50.     That Plaintiff's injuries are permanent, painful, progressive and disabling.

Electronically Filed - New Madrid - November 07, 2018 - 11:43 AM

51.     That Plaintiff has incurred medical expenses in excess of One Thousand Dollars to the time of filing of this Petition and will incur further medical expenses in the future.

52.     As a direct and proximate result of the negligence of Defendants, Plaintiff's injuries has interfered with his daily life, caused inconvenience, and pain and suffering that is expected to continue in the future.

WHEREFORE, Plaintiff prays for judgment against Defendants in a sum in excess of Twenty-Five Thousand Dollars as is fair and reasonable to compensate Plaintiff for injuries along with court costs incurred in this action, all interest allowed under law, and for such other relief this Court deems just and proper under the circumstances.

## COUNT VI – NEGLIGENCE
## DEQUEZ SANDERS v. DEFENDANT TRADEWINDS LOGISTICS, INC.

53.     Plaintiff Dequez Sanders restates, re-alleges and incorporates by reference the allegations contained in all preceding paragraphs as if more fully set forth herein.

54.     That it was the duty of Tradewinds Logistics, Inc. to exercise ordinary care in its hiring, training and supervision of its agents, employees and servants, including Defendant Kevin Wilson.

55.     That Defendant Tradewinds Logistics, Inc. did not do its due diligence before hiring Defendant Kevin Wilson and thereby overlooked items and events that should have disqualified Defendant Kevin Wilson from being hired.

56.     That Defendant Tradewinds Logistics, Inc. did not provide adequate training to Defendant Kevin Wilson sufficient for him to execute his job duties, including driving on Missouri highways and roadways.

57.     That Defendant Tradewinds Logistics, Inc. did not provide adequate supervision of Defendant Kevin Wilson and thereby overlooked items and events that should have disqualified

Electronically Filed - New Madrid - November 07, 2018 - 11:43 AM

Defendant Kevin Wilson from working for Defendant Tradewinds Logistics, Inc. and/or driving vehicles/transporting freight for Defendant Tradewinds Logistics, Inc.

58.     That Defendant Tradewinds Logistics, Inc. was thereby careless and negligent in the following ways:

        a.     Failing to exercise ordinary care in the hiring of Defendant Kevin Wilson;

        b.     Failing to exercise ordinary care in the training of Defendant Kevin Wilson; and

        c.     Failing to exercise ordinary care in the supervision of Defendant Kevin Wilson.

59.     As a direct and proximate result of the negligence and carelessness of Defendant Tradewinds Logistics, Inc., Plaintiff was caused to sustain injuries to his head, brain, back, neck and left arm.

60.     That Plaintiff's injuries are permanent, painful, progressive and disabling.

61.     That Plaintiff has incurred medical expenses in excess of One Thousand Dollars to the time of filing of this Petition and will incur further medical expenses in the future.

62.     As a direct and proximate result of the negligence of Defendant Tradewinds Logistics, Inc., Plaintiff's injuries has interfered with his daily life, caused inconvenience, and pain and suffering that is expected to continue in the future.

WHEREFORE, Plaintiff prays for judgment against Defendant Tradewinds Logistics, Inc. in a sum in excess of Twenty-Five Thousand Dollars as is fair and reasonable to compensate Plaintiff for injuries along with court costs incurred in this action, all interest allowed under law, and for such other relief this Court deems just and proper under the circumstances.

Electronically Filed - New Madrid - November 07, 2018 - 11:43 AM

**COUNT VII – NEGLIGENCE**
**LINDA MOORE, as Administrator of the Estate of Roosevelt Moore v. DEFENDANTS**

63.     Plaintiff Linda Moore, as Administrator of the Estate of Roosevelt Moore, restates, re-alleges and incorporates by reference the allegations contained in all preceding paragraphs as if more fully set forth herein.

64.     At the above-mentioned time and place, Defendants, individually and through its agent, servant and/or employee, had the duty to exercise the highest degree of care for the safety of other persons upon the roadway, including decedent Roosevelt Moore, and was careless and negligence in one or more of the following respects:

     a.  Failing to maintain control of the semi-truck and trailer;

     b.  Failing to keep a careful lookout;

     c.  Failing to operate the semi-truck and trailer in a careful and prudent manner; and

     d.  Failing to stop, slow, slacken speed, sound horn and/or swerve to avoid colliding with Plaintiffs' vehicle when it was known or should be known that there was a danger of a collision.

65.     As a direct and proximate result of the negligence and carelessness of Defendants, individual and through its agent, servant and/or employee, decedent Roosevelt Moore was caused to sustain injuries to his left leg, right leg, back, neck and head.

66.     That decedent Roosevelt Moore incurred medical expenses in excess of One Thousand Dollars to the time of his death on or about September 13, 2017.

67.     As a direct and proximate result of the negligence of Defendants, decedent Roosevelt Moore's injuries interfered with his daily life, caused inconvenience, and pain and suffering that continued until the time of his death on or about September 13, 2017.

WHEREFORE, Plaintiff prays for judgment against Defendants in a sum in excess of Twenty-Five Thousand Dollars as is fair and reasonable to compensate Plaintiff for injuries along with court costs incurred in this action, all interest allowed under law, and for such other relief this Court deems just and proper under the circumstances.

### COUNT VIII – NEGLIGENCE
### LINDA MOORE, as Administrator of the Estate of Roosevelt Moore
### v. DEFENDANT TRADEWINDS LOGISTICS, INC.

68.     Plaintiff Linda Moore, as Administrator of the Estate of Roosevelt Moore, re-alleges and incorporates by reference the allegations contained in all preceding paragraphs as if more fully set forth herein.

69.     That it was the duty of Tradewinds Logistics, Inc. to exercise ordinary care in its hiring, training and supervision of its agents, employees and servants, including Defendant Kevin Wilson.

70.     That Defendant Tradewinds Logistics, Inc. did not do its due diligence before hiring Defendant Kevin Wilson and thereby overlooked items and events that should have disqualified Defendant Kevin Wilson from being hired.

71.     That Defendant Tradewinds Logistics, Inc. did not provide adequate training to Defendant Kevin Wilson sufficient for him to execute his job duties, including driving on Missouri highways and roadways.

72.     That Defendant Tradewinds Logistics, Inc. did not provide adequate supervision of Defendant Kevin Wilson and thereby overlooked items and events that should have disqualified Defendant Kevin Wilson from working for Defendant Tradewinds Logistics, Inc. and/or driving vehicles/transporting freight for Defendant Tradewinds Logistics, Inc.

Electronically Filed - New Madrid - November 07, 2018 - 11:43 AM

Electronically Filed - New Madrid - November 07, 2018 - 11:43 AM

73.     That Defendant Tradewinds Logistics, Inc. was thereby careless and negligent in the following ways:

      a.     Failing to exercise ordinary care in the hiring of Defendant Kevin Wilson;

      b.     Failing to exercise ordinary care in the training of Defendant Kevin Wilson; and

      c.     Failing to exercise ordinary care in the supervision of Defendant Kevin Wilson.

74.     As a direct and proximate result of the negligence and carelessness of Defendant Tradewinds Logistics, Inc., individual and through its agent, servant and/or employee, decedent Roosevelt Moore was caused to sustain injuries to his left leg, right leg, back, neck and head.

75.     That decedent Roosevelt Moore incurred medical expenses in excess of One Thousand Dollars to the time of his death on or about September 13, 2017.

76.     As a direct and proximate result of the negligence of Defendant Tradewinds Logistics, Inc., decedent Roosevelt Moore's injuries interfered with his daily life, caused inconvenience, and pain and suffering that continued until the time of his death on or about September 13, 2017.

WHEREFORE, Plaintiff prays for judgment against Defendant Tradewinds Logistics, Inc. in a sum in excess of Twenty-Five Thousand Dollars as is fair and reasonable to compensate Plaintiff for injuries along with court costs incurred in this action, all interest allowed under law, and for such other relief this Court deems just and proper under the circumstances.

## <u>COUNT IX – WRONGFUL DEATH</u>
## <u>LINDA MOORE, individually v. DEFENDANTS</u>

77.     Plaintiff Linda Moore, individually, restates, re-alleges and incorporates by reference the allegations contained in all preceding paragraphs as if more fully set forth herein.

Electronically Filed - New Madrid - November 07, 2018 - 11:43 AM

78.     Plaintiff Linda Moore, individually, pleads in the alternative to Count VII, the facts alleged in Count IX herein.

79.     At the above-mentioned time and place, Defendants, individually and through its agent, servant and/or employee, had the duty to exercise the highest degree of care for the safety of other persons upon the roadway, including decedent Roosevelt Moore, and was careless and negligence in one or more of the following respects:

    a.  Failing to maintain control of the semi-truck and trailer;

    b.  Failing to keep a careful lookout;

    c.  Failing to operate the semi-truck and trailer in a careful and prudent manner; and

    d.  Failing to stop, slow, slacken speed, sound horn and/or swerve to avoid colliding with Plaintiffs' vehicle when it was known or should be known that there was a danger of a collision.

80.     As a direct and proximate result of the negligence and carelessness of Defendants, individual and through its agent, servant and/or employee, decedent Roosevelt Moore was caused to sustain injuries to his left leg, right leg, back, neck and head.

81.     Decedent Roosevelt Moore died on September 13, 2017 as a result of the injuries he sustained as a passenger in the May 27, 2015 crash between Plaintiffs' Suburban and Defendants' Kenworth semi-truck.

82.     That decedent Roosevelt Moore incurred medical expenses in excess of One Thousand Dollars to the time of his death on or about September 13, 2017.

Electronically Filed - New Madrid - November 07, 2018 - 11:43 AM

83.    As a direct and proximate result of the negligence of Defendants, decedent Roosevelt Moore's injuries interfered with his daily life, caused inconvenience, and pain and suffering that continued until the time of his death on or about September 13, 2017.

84.    As a direct and proximate result of the negligence of Defendants, Plaintiff Linda Moore was caused to incur funeral and burial expenses for decedent Roosevelt Moore.

85.    That as a direct and proximate result of the negligence of Defendants, Plaintiff Linda Moore was caused to suffer a loss of decedent Roosevelt Moore's services, companionship and comfort.

86.    That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff Linda Moore was caused to suffer great mental pain and anguish resulting from decedent Roosevelt Moore's death.

WHEREFORE, Plaintiff prays for judgment against Defendants in a sum in excess of Twenty-Five Thousand Dollars as is fair and reasonable to compensate Plaintiff for the death of Roosevelt Moore along with court costs incurred in this action, all interest allowed under law, and for such other relief this Court deems just and proper under the circumstances.

## COUNT X – WRONGFUL DEATH
## LINDA MOORE, individually v. DEFENDANT TRADEWINDS LOGISTICS, INC.

87.    Plaintiff Linda Moore, individually, restates, re-alleges and incorporates by reference the allegations contained in all preceding paragraphs as if more fully set forth herein.

88.    Plaintiff Linda Moore, individually, pleads in the alternative to Count VIII, the facts alleged in Count X herein.

89.    That it was the duty of Tradewinds Logistics, Inc. to exercise ordinary care in its hiring, training and supervision of its agents, employees and servants, including Defendant Kevin Wilson.

Electronically Filed - New Madrid - November 07, 2018 - 11:43 AM

90.     That Defendant Tradewinds Logistics, Inc. did not do its due diligence before hiring Defendant Kevin Wilson and thereby overlooked items and events that should have disqualified Defendant Kevin Wilson from being hired.

91.     That Defendant Tradewinds Logistics, Inc. did not provide adequate training to Defendant Kevin Wilson sufficient for him to execute his job duties, including driving on Missouri highways and roadways.

92.     That Defendant Tradewinds Logistics, Inc. did not provide adequate supervision of Defendant Kevin Wilson and thereby overlooked items and events that should have disqualified Defendant Kevin Wilson from working for Defendant Tradewinds Logistics, Inc. and/or driving vehicles/transporting freight for Defendant Tradewinds Logistics, Inc.

93.     That Defendant Tradewinds Logistics, Inc. was thereby careless and negligent in the following ways:

    a.     Failing to exercise ordinary care in the hiring of Defendant Kevin Wilson;

    b.     Failing to exercise ordinary care in the training of Defendant Kevin Wilson; and

    c.     Failing to exercise ordinary care in the supervision of Defendant Kevin Wilson.

94.     As a direct and proximate result of the negligence and carelessness of Defendant Tradewinds Logistics, Inc., decedent Roosevelt Moore was caused to sustain injuries to his left leg, right leg, back, neck and head.

95.     Decedent Roosevelt Moore died on September 13, 2017 as a result of the injuries he sustained as a passenger in the May 27, 2015 crash between Plaintiffs' Suburban and Defendants' Kenworth semi-truck.

Electronically Filed - New Madrid - November 07, 2018 - 11:43 AM

96.     That decedent Roosevelt Moore incurred medical expenses in excess of One Thousand Dollars to the time of his death on or about September 13, 2017.

97.     As a direct and proximate result of the negligence of Defendant Tradewinds Logistics, Inc., decedent Roosevelt Moore's injuries interfered with his daily life, caused inconvenience, and pain and suffering that continued until the time of his death on or about September 13, 2017.

98.     As a direct and proximate result of the negligence of Defendant Tradewinds Logistics, Inc., Plaintiff Linda Moore was caused to incur funeral and burial expenses for decedent Roosevelt Moore.

99.     That as a direct and proximate result of the negligence of Defendant Tradewinds Logistics, Inc., Plaintiff Linda Moore was caused to suffer a loss of decedent Roosevelt Moore's services, companionship and comfort.

100.    That as a direct and proximate result of the aforesaid negligence of Defendant Tradewinds Logistics, Inc., Plaintiff Linda Moore was caused to suffer great mental pain and anguish resulting from decedent Roosevelt Moore's death.

WHEREFORE, Plaintiff prays for judgment against Defendant Tradewinds Logistics, Inc. in a sum in excess of Twenty-Five Thousand Dollars as is fair and reasonable to compensate Plaintiff for the death of Roosevelt Moore along with court costs incurred in this action, all interest allowed under law, and for such other relief this Court deems just and proper under the circumstances.

Electronically Filed - New Madrid - November 07, 2018 - 11:43 AM

Respectfully Submitted,

THE SUMNER LAW GROUP, LLC

By___/s/Andrew S. Martin_____
Brent A. Sumner, #59460
Andrew S. Martin, #62657
Samantha L. Indelicato, #71011
7777 Bonhomme Avenue, Suite 2100
Clayton, Missouri 63105
Telephone:     314-669-0048
Fax:     888-259-7550
brent@sumnerlawgroup.com
*Attorneys for Plaintiff*